# EXHIBIT 12

Lawrence M. Meadows  
777FO/MIA  AA# 332713  
P.O. Box 4344  
Park City, UT 84060

October 31, 2013

Captain John Hale  
Executive Vice President of Flight  
American Airlines  
Po Box 619617,  Flight Academy MD-823  
DFW Airport, TX 75261-9617

**Sent via certified mail and e-mail:**

**Re: Meadows Grievance 13-064, for Contractual Violation of CBA Sec. 13**

Dear Captain Hale,

      I hereby timely submit this contractual grievance in accordance with Section 21.D.2, based on the Companies' flawed contractual interpretations and positions adopted in defense of its August 20, 2013 PAC Denial of my previous Grievance #12-011.  I have had an RLA expert review AA-APA  Collective Bargaining Agreement (CBA), who has advised that  Company has and continues to systematically abrogate the contractual seniority rights of myself and other similarly situated sick/disabled pilots in violation of the CBA Section 13. These violations are indirectly effectuated thorough the  misapplication and subjective  reinterpretation of the terms of CBA Section 11.D.1;  in an effort to improperly impose an unspecified requirement to administratively the  terminate employment, and remove from the seniority list, pilots who are continuously sick and/or disabled in excess of five (5) years[1].

This contractual violation is based on the following reasons;

      First and Foremost, CBA **Section 13  *"Seniority",***  is the controlling Section as it relates to pilot seniority issues.  Further, the  language of  **Section 13.C. *"Retention of Seniority"***, explicitly dictates that, **"*a pilot once having established seniority, shall not lose such seniority except as provided in this Section[13]."***

      Second and more importantly, **Section 13.F. *"Loss of Seniority"*;** only allows for forfeiture of pilot seniority under the four distinct circumstances for,  *"A pilot who resigns from service of the company, retires, or is discharged for just cause...,* or fails *"to return to duty as a*

---

[1] *Government employment statutes, such as the Americans with Disabilities Act (ADA) supersede any contractual language in a CBA.  Further, the ADA prohibits employers  from entering into collective bargaining agreements that discriminate against individuals protected by the ADA. To the extent that  such employment laws are not explicitly referenced in the language of the bargaining agreement itself, the legislative history of the ADA shows that Congress considered the unique problems created by collective bargaining agreements, and intended that the provisions of an agreement be dovetailed with the duty of reasonable accommodation under the ADA. Thus, the Company's application of a five year maximum sick leave policy as described in Section 11.D.1 is unlawful and violates the American with Disabilities Act strict prohibition of No-Leave Policies. The Company is in fact required to provide a disabled pilot as much additional medical leave necessary, as a form reasonable accommodation.*

*pilot "* from a furlough recall. None of those circumstances apply to me personally; as I never resigned, retired, been discharged for cause, nor was I ever furloughed. Therefore, the Company has no contractual basis whatsoever to remove me from the seniority list, much less administratively terminate my employment.

Third, **Section 13.C. *"Retention of Seniority"***, goes on to state *"nor shall such pilots relative position on the Pilots' System Seniority List be changed for any reason...except as provided in paragraph B. of this Section [13]."* Additionally, **Section13.B. "Seniority Date"** also states that a pilot, *"shall continue to accrue [seniority] during such period of duty except as otherwise provided in Section 11..."* .

Fourth and finally, **Section 11.D.1 *"Sickness and Injury Leaves"*,** does not explicitly provide for the administrative termination of a sick/disabled pilot, nor the forfeiture of such pilot's seniority by removing them from the Pilot System Seniority List. This Section only speaks to the fact that, *"a pilot shall be allowed to retain and continue to accrue"* his relative seniority during sick leaves of absence, which do not exceed total continuous period of five (5) years. Nothing more.

In Sum, it is clear that the plain contractual language of both the 2003 or 2013 CBA does not in any way provide for the administrative termination or removal from the seniority list of sick/disabled pilots. At most, the "seniority" related language of Section 11.D.1, when properly considered in conjunction with the controlling language in Section 13, <u>can only be construed to impose the condition that pilots who are sick/disabled in excess of five years, only cease to accrue their relative seniority - not lose it</u>. In other words, the contract merely provides that such sick/disabled pilots only lose the incremental amount of relative seniority commensurate with the amount of time they are absent in excess of five years, but there is no contractual provision that requires the complete and total forfeiture of their pilot system seniority.

Based on all the foregoing, I seek reinstatement to the same relative position on the Pilot System Seniority List as if I had never been removed, and the continued accrual of such relative seniority until such time that I either retire, resign or am terminated for just cause.


Respectfully Submitted,

*[signature]*

Lawrence M. Meadows



cc: Bennett Boggess, Dir. APA Legal; Ivan Rivera, APA MIA Chair; Thomas Copland, APA MIA Vice-chair