THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| Lawrence M. Meadows, | ) | Case No. 2:14-CV-00115-DS |
| Plaintiff, | ) | |
| | ) | ORDER ON PLAINTIFF'S MOTION Seeking Clarification |
| vs. | | MOTION to Amend/Correct and Memorandum in Support, and |
| | ) | MOTION to Stay |
| Allied Pilots Association | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.   Statement of Facts

American Airlines (American) hired the Plaintiff as a pilot, years ago. (#21, ¶ 11). Plaintiff then became a member in good standing with the Defendant, Allied Pilots Association (the Union). *Id.* Later, Plaintiff suffered an illness and was unable to continue working as a pilot. (#21, ¶ 13). American then allowed Plaintiff to receive long-term disability. (#21, ¶ 14).

Later, American removed Plaintiff from the program. (#21, ¶ 16). After various Court proceedings—some of which are finally decided some of which are stayed, (#35, p. 2)—American informed Plaintiff that he exhausted his Sick Leave of Absence. (#23, Ex. C.). As a result, Plaintiff would need to either obtain approval to continue work as a pilot or to identify a reasonable accommodation to return to work in a different capacity. *Id.* The Sick Leave of Absence extended another two months to give Plaintiff time to decide. *Id.*

1

The two month extension expired and American removed Plaintiff from the Pilot System Seniority List. (#21, ¶ 16). Plaintiff filed Grievance No. 12-011, claiming that removing Plaintiff from that list violated his rights under the Americans with Disabilities Act and was retaliation for his involvement in a prior case against American. (#21, ¶¶ 48-49). American denied the grievance in an appeal hearing. (#21, ¶ 61). Charles Hairston (Hairston), the Union staff attorney, assisted Plaintiff during the appeal hearing. (#21, ¶ 54).

After denial of the appeal, the Union attempted, unsuccessfully, to settle with American. (#21, ¶¶ 64-65). Plaintiff wished to advance the claim to arbitration via the System Board of Adjustment, but the Union denied the request. (#21, ¶¶ 65-66). The Union explained their refusal by stating that the grievance was based on federal statutory claims, which Plaintiff was already pursuing before the appropriate agencies. (#23, Ex. E).

Plaintiff then filed Grievance No. 13-064, alleging that American violated the Collective Bargaining Agreement (CBA) by removing him from the Seniority List. (#21, ¶ 109). Plaintiff presented the Grievance at an appeal hearing; it was denied. (#21, ¶¶ 121-122). Plaintiff asked the Union to advance the claim; that request was denied. (#21, ¶ 123). The Union explained that Plaintiff's request was against the CBA and therefore had to be denied. (#23, Ex. I). Plaintiff filed a complaint (#1) seeking to compel Union and American to arbitrate his grievances.

Plaintiff has since amended his complaint. (#21 Ex. 1). The Union filed a motion to dismiss the amended complaint for failure to state a claim. (#23). The Court issued a judgment concerning the amended complaint and dismissed each claim. (#35). Plaintiff currently seeks clarification concerning the decision handed down by the Court. (#36).

## II.     Analysis

### A. The Court granted leave to amend..

The Court must grant leave to amend as justice requires. Fed. R. Civ. Pro. 15(a)(2). The Court granted leave to amend, (# 35 p. 3), and utilized the amended complaint found on #21 Ex. 1. Therefore 15(a)(2)'s requirement was met.

### B. There was no error of law when dismissing Plaintiff's complaint.

All of the Plaintiff's claims were dismissed. Some were dismissed with prejudice and others without prejudice. A claim made by a *pro se* plaintiff is dismissed with prejudice for failure to state a claim when it would be futile to amend because it is obvious that the Plaintiff cannot succeed on the facts as they are presented. *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (*citing Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)). In the instant case, the court was more lenient towards Plaintiff's claims because of his *pro se* status. *See Curley*, 246 F.3d at 1281. Nevertheless, it was clear that the Plaintiff could not succeed on the facts as presented and the claims were dismissed as explained in the previous memorandum decision and clarified herein.

When considering a motion for clarification the standard of review is whether there was a clear error of law. *See e.g. Fenstermacher v. Telelect, Inc.* (*citing Harsco Corp. v. Zlotnick*, 779 F.2d 906, 909 (3d Cir.1985) (*quoted by Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

The Plaintiff in the present case presented three claims upon which he believes relief should be granted. First, he alleges that he has a right to compel arbitration. Second, he contends that the Union has violated its duty of fair representation. Last, he believes that the Union

violated Labor-Management Reporting and Disclosure Act of 1959 (LMRDA). Utilizing the futility standard and the clear error of law standard, the Court will clarify whether the Plaintiff's First Amended Complaint was dismissed with or without prejudice.

### C. Plaintiff's Right to Compel Arbitration

Plaintiff contends that he has a right to compel arbitration either through the CBA or as a statutory right under the Railway Labor Act (RLA). First, Plaintiff presents an argument that under the CBA he has a right to arbitrate his claims before the System Board. He bases his claim by quoting § 23(E)(1) of the CBA, which reads: "The System Board shall have jurisdiction over disputes between any employee covered under this Agreement or between the Association and the Company growing out of grievances, or out of the interpretation or application of any of the terms of this Agreement." (#23 Ex. B, § 23(E)(1)). The Plaintiff believes that this statement means that his claims must be handled by the System Board. (#21, ¶ 149). The Court disagreed in its memorandum dismissing the Plaintiff's claim. (#35, p. 3). In that decision, the Court held that a union's constitution, bylaws, and regulations create a binding contract. (#35, p. 3 (*citing James v. Int'l Bhd. of Locomotive Eng'rs*, 302 F.3d 1139, 1146 (10th Cir. 2002))). Further, the Court held that it must enforce the constitution, bylaws, and regulations if these are free from invalidity or illegality. (#35, p. 3 (*citing Adams v. Int'l Bhd. of Boilermakers,* 262 F.2d 835, 839 (10th Cir. 1958))). Finding that no bylaw, no section of the Union's Constitution, and no portion of the CBA granted the Plaintiff the right to arbitrate his claim, the Court held that it was instead up to the president of the Union to handle such arbitration claims and that the president has the right to appeal Plaintiff's grievances. Further, the Court did not find nor do the facts suggest that the constitution, CBA, or bylaws are illegal or invalid. This claim was dismissed with prejudice.

Next, the Plaintiff claims that he has a statutory right under the RLA to compel arbitration. The Court disagreed with him here as well. (#35, p. 4). The Court rejected his claim because Plaintiff relied on dicta from the Eleventh and Third Circuits to support his claim and did not give any explanation or analysis to indicate why the Court should follow the cited dicta. *Id*. However, it is apparent from the record before the Court that the Plaintiff, in agreeing to the CBA, gave his right to arbitrate his grievances to the Union. Any argument that Plaintiff did not contemplate signing away his right to compel arbitration is futile since Plaintiff did in fact sign it away. *See* (#35, p. 4 fn. 2). The Court did not err in dismissing this claim, with prejudice.

The Court did not err in dismissing the Plaintiff's arbitration claims. The plaintiff, has no contractual right to arbitrate his grievances, and also has no statutory right since he gave that right to the Union. Because the Court did not err, his arbitration claims were dismissed with prejudice.

### D. Union's Duty of Fair Representation

Plaintiff also seeks clarification about the dismissal of his claim that the Union violated its duty of fair representation. (#36 ¶ 6). To violate its duty of fair representation, a union's actions during negotiations must be "arbitrary, discriminatory, or in bad faith." *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1357 (10th Cir. 1994). Or the union breaches if its actions are perfunctory. *See Vaca v. Sipes*, 386 U.S. 171, 191 (1967). Courts are deferential towards unions because of the wide latitude needed to bargain effectively. *Considine*, 43 F.3d at 1357. Further, the court found that any breach must seriously undermine the Plaintiff's grievance proceedings. *Hinkley v. Roadway Express, Inc.*, 249 F. App'x 13, 17 (10th Cir. 2007). And the

courtt held that the Plaintiff must show that if a breach of duty occurred that it must also seriously undermine the Plaintiff's grievance proceedings. *See Hinkley*, 249 F. App'x at 17.

This Court found that the System Board has no power to adjudicate Plaintiff's first grievance, and that his second grievance is not supported by the CBA. Therefore, even if the Union acted arbitrarily, discriminatorily, with bad faith, or perfunctorily the Plaintiff's claim could not stand. Plaintiff's claim that the Union breached its duty of fair representation is futile and that claim was dismissed with prejudice.

The System board did not act arbitrarily. To be arbitrary, the System Board's actions must be so far outside the scope of reasonability that the actions can only be classified as irrational. *Considine*, 43 F.3d at 1357. His assigned counsel did not have a conflict of interest, since his interest and loyalties were not split. Also, the System Board did not have jurisdiction over his first grievance. And, after review, the Union found that the CBA allowed American to remove disabled pilots from the seniority list. Last, the plaintiff did not support his claim that it was arbitrary for the Union not to present his federal claims. Such an allegation was conclusory. Therefore, the allegation that the Union acted arbitrarily is dismissed with prejudice

The Court also found that the Plaintiff could not plausibly claim the Union's actions were discriminatory. (#35 p. 8). This is because the Plaintiff did not claim nor show why the supposed discrimination was invidious, nor why his amended complaint is not similar to his second grievance. (#35 p. 7). The second grievance states that pilots sick or disabled for longer than five years should not accrue seniority; whereas the amended complaint states American did not give notice about removal from the Seniority List. (#21 ¶ 49). Plaintiff should have made sure his

claims in his amended complaint were similar to his second grievance. As such, the court did not err in dismissing this portion of the complaint with prejudice.

The Court rejected the arguments that the Union's actions were done in bad faith because bad faith requires showing "fraud, or deceitful or dishonest action," *Considine*, 43 F.3d at 1357, and the circumstances surrounding the fraud must be stated with particularity. Fed. R. Civ. P. 9(b). Plaintiff's allegations were conclusory, since they were not supported with particular facts, and therefore rejected. (#35 p. 8).

The Court rejected the claim that the Union acted perfunctorily, (#35 p. 8), finding that that the Union did not act without concern for Plaintiff's claim, and that the Union gave more than cursory attention to Plaintiff's grievances. *Hinkley*, 249 F. App'x at 17. This is because the Union expended several resources and explained why the Union would not advance his grievances to arbitration. #35 p. 8. Therefore no set of facts that Plaintiff could conjure would indicate that the Union gave only cursory attention to his claim. As such, the Court did not err in dismissing this claim with prejudice.

None of the actions by the Union were perfunctory, made in bad faith, discriminatory, or arbitrary. However, even if they were, none of these violations undermined Plaintiff's claim since the System Board did not have power to adjudicate the first grievance, and the second grievance is not supported by the CBA. As such, the Court's prior dismissal with prejudice of the Plaintiff's claim that the Union violated its duty of fair representation stands.

### E. Plaintiff's LMRDA Claims

Plaintiff's LMRDA claims were dismissed by the court because he had not yet exhausted his union remedy. (#35 p. 9). As such, the claim was not timely and therefore dismissed. Plaintiff may file again once he has exhausted Union remedies.

## III. CONCLUSION

The Court granted Plaintiff's original motion to amend his complaint and considered the amended complaint in connection with the motion to dismiss. The Court dismissed with prejudice Plaintiff's claims that he has a right to compel arbitration and that the Union breached its duty of fair representation. The court dismissed Plaintiff's LMRDA claims, and Plaintiff will need to exhaust his Union remedies before proceeding with his LMRDA claims in this Court. Plaintiff's motion to amend/correct is denied. Plaintiff's motion to stay is denied. The clerk of the court is directed to close the case.

SO ORDERED.

Dated this 27th day of April, 2015.

*[signature: David Sam]*

David Sam
Senior Judge
United States District Court