FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

AUG 31 2015

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LAWRENCE M. MEADOWS,<br>　　　　　Plaintiff,<br>vs.<br><br>ALLIED PILOTS ASSOCIATION and AMERICAN AIRLINES, INC.<br>　　　　　Defendants. | ORDER<br><br>Case No. 2:14-CV-00115 DS<br><br>Judge DAVID SAM |

## I. Statement of Facts

In February 2014, former pilot Lawrence Meadows filed a complaint in this Court against the Allied Pilots Association (APA) and American Airlines, Inc. (American). (#1). In the complaint, Mr. Meadows sought to compel American to arbitration over his removal from a pilot Seniority List because of a disability. *Id.* Mr. Meadows claimed that he had a statutory right to arbitration under the Railway Labor Act of 1926 (RLA). *Id.* Later, Mr. Meadows amended his complaint to add a claim, alleging that the APA had violated the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) by restricting his access to the APA's website. (#21 Ex. 1).

This Court dismissed all of Mr. Meadows's claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (#35). After Mr. Meadows requested clarification (#36), the Court further explained its reasoning in a clarification order. (#40).

Mr. Meadows now asks this Court to reconsider his previous motion and revive his arbitration claim and his LMRDA claim. To reinstate his arbitration claims, Mr. Meadows invokes two new cases about employee grievances: *Sproc v. APA National Officers*, (AAA Case No. 71-300-00053-13) and *Santiago v. United Airlines, Inc.*, No. 11 C 9109, slip op. (N.D. Ill.

Dec. 29, 2014). To reinstate his LMRDA claim, Mr. Meadows invokes two new facts: an internal complaint filed by Mr. Meadows on April 6, 2015, and an APA officer's message calling his complaint "ludicrous." (#41 at 6).

## II.     Analysis

A Rule 59(e) motion "is an extreme remedy to be granted in rare circumstances." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, No. 2:11CV147 DS, 2013 WL 5770561, at *1 (D. Utah Oct. 24, 2013) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). The rule is not to be used to revisit issues or advance arguments that could have been made earlier. *Hensley v. Eckhart*, 461 U.S. 424, 429 n.2 (1983). A Rule 59(e) motion may be granted if there is (A) an intervening change in controlling law, (B) new, previously unavailable evidence that would change the result, or (C) a need to correct clear error or prevent manifest injustice. *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).

### A. Mr. Meadows's Two New Cases Are Not Intervening Changes In Controlling Law

The two new cases that Mr. Meadows invokes are not intervening changes in controlling law because neither is controlling authority, and neither addresses the same issues as in Mr. Meadows's case.

First, neither *Sproc* nor *Santiago* are controlling because district courts are not required to follow cases from other circuits. *School Employees Credit Union v. Nat'l Union Fire Ins. Co.*, 52 F.3d 338 (10th Cir. 1995). *Sproc* was decided by an arbitrator in Dallas, Texas. *Sproc*, slip op. at 1. *Santiago* was decided in a district court in Illinois, *Santiago*, slip op. at 1. Therefore, this Court is not bound to follow either case's reasoning.

Second, even if the cases were controlling, neither addresses the issue at hand. For example, *Sproc* holds that APA officers are *allowed* to participate in arbitration, but does not hold that all employees are *entitled* to participate in arbitration. *Sproc*, slip op. at 19. And in *Santiago*, though the court did find that an employee had a right to arbitration, it was not presented with the question of assigning arbitration rights to a union. *Santiago*, slip op. at 2.

Therefore, this Court did not err in holding that Mr. Meadows does not have a statutory right to arbitration, and that even if he did, he has assigned that right to the APA. (#40 p. 5).

### B. *The New Evidence Invoked by the Motion Will Not Change the Result*

Mr. Meadows's new evidence – an internal complaint filed on April 6, 2015, and an APA Board of Directors message calling Mr. Meadows's complaint "ludicrous" – does not justify reinstating Mr. Meadows's LMRDA claim. Mr. Meadows still needs to exhaust his internal remedies with the APA before resorting to a lawsuit.

#### i. *The April 6th Complaint*

Federal law allows a union to require a member to attempt internal procedures for up to four months before filing a lawsuit. 29 U.S.C. § 411(a)(4). *Id*. Mr. Meadows filed his internal complaint on April 6, 2015 - five months after the dismissal order, and only six weeks before his new motion to alter judgment (#41 p. 6). Therefore, Mr. Meadows's filing has not exhausted remedy procedures. This is especially true here, since Mr. Meadows and the APA are apparently working to schedule a formal hearing with the APA Appeals Board. (#41 p. 12; #42 p. 5; #45 Ex. 4).

*ii.     The "Ludicrous" Message*

Mr. Meadows also claims that it is impossible to exhaust internal remedies because an APA officer "pre-judged" his grievance by posting a message on the union hall discrediting his charges as ludicrous. (#41 p. 7). However, the officer is not on the APA's Appeal Board, and plays no role in judging Mr. Meadows's grievance. (#42 p. 5 n. 2). Therefore, Mr. Meadows grievance has not been "pre-judged," and he is still able to exhaust internal remedies.

*C.  The Judgment Was Not Made In Error And Did Not Result In Manifest Injustice*

Lastly, Mr. Meadows does not demonstrate clear error or manifest injustice. The clarification order, issued after the original dismissal order, already stated that there was no error of law in dismissing Mr. Meadows's claims. (#40 pp. 3-4). The new motion does not present any new arguments to demonstrate manifest injustice, but only rehashes arguments already considered by this Court in the previous complaint.

### III.     Conclusion

Mr. Meadows's motion does not state any intervening controlling law, new evidence, or manifest injustice that would have changed the Court's original dismissal order. Therefore, since the situation remains the same as they were before the Court's original order, there is no reason to alter the Court's judgment.

ACCORDINGLY, the motion to amend or correct (Doc. #41) is DENIED. The motion to strike (Doc. # 49) is also DENIED. The case remains closed and plaintiff is cautioned to cease filing additional documents. The case is closed and no additional filings are warranted.

SO ORDERED.

DATED this 31st day of August, 2015.

_____
David Sam
Senior Judge
United States District Court